UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CHRISTOPHER J. HULBERT,

    Plaintiff,

v.

FINANCIAL BUSINESS AND CONSUMER
SOLUTIONS, INC. d/b/a FBCS, INC.,

    Defendant.
_____/

Case No. 4:22-cv-10005

**JURY TRIAL DEMANDED**

## COMPLAINT

NOW comes CHRISTOPHER J. HULBERT ("Plaintiff"), by and through the undersigned, complaining as to the conduct of FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC. d/b/a FBCS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the Southern District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Florida.

1

**PARTIES**

4. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39), over 18 years of age residing in Key West, Florida, which lies within the Southern District of Florida.

5. Defendant "is a nationally licensed and bonded collection agency" that provides "third party collection services across a variety of industr[ies]."[1] Defendant is a corporation organized under the laws of the state of Pennsylvania with its principal place of business located at 330 South Warminster Road, Suite 353, Harboro, Pennsylvania.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. The instant action arises out of Defendant's attempts to collect upon a personal debt ("subject debt") Plaintiff is said to owe in connection with a personal credit card issued by U.S. Bank.

9. Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was charged off and placed with Defendant for collection purposes.

10. Some time ago, Plaintiff agreed to enter into a payment plan with Defendant to address the subject debt for a reduced balance.

11. Under the agreement, Plaintiff would make $58.00 payments each month until the subject debt was resolved.

12. Plaintiff subsequently began making his monthly payments to Defendant.

---

[1] https://www.fbcs-inc.com/about-fbcs-collection-agency/

13. Towards the beginning of 2022, Plaintiff made his monthly payment to Defendant; however, he had erroneously provided Defendant the incorrect zip code, resulting in his payment not going through.

14. Plaintiff discovered his error shortly after making payment, and contacted Defendant to clear up the issue and confirm his monthly payment.

15. However, upon speaking with Defendant, Plaintiff was advised that he was 45 days late on his payments and, as a result, the agreement was cancelled.

16. Plaintiff was shocked and distressed to find this, as he had been current on his payments and the only issue was the incorrect zip code he had provided on his recent payment, which would not have made him 45 days late nor in violation of the agreement.

17. Plaintiff attempted to clear up the issue and advise that he wished to continue making his payments as originally agreed; however, Defendant responded that he would have to agree to a new payment plan and pay a higher overall balance with higher monthly payments.

18. Upon information and belief, Defendant falsely represented to Plaintiff the nature of his purported default on their agreement so as to attempt to compel Plaintiff to pay more than he had originally agreed.

19. Defendant has seemingly determined that, once a consumer has agreed to payment arrangements, they are more likely to agree to increased payments if such consumers are convinced they have somehow defaulted on the original payment arrangement.

20. Plaintiff relied on Defendant's representations that his maintenance of the agreed-upon monthly payments would result in the subject debt being resolved upon agreeing to make payments, and was subsequently denied the benefit of his bargain in his dealings with Defendant through Defendant's unfair and deceptive conduct in cancelling the parties' agreement.

21. Plaintiff has further suffered emotional distress and aggravation stemming from Defendant's utilization of pretextual and misleading representations designed to extract further sums from Plaintiff.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant identifies itself as a debt collector, and is engaged in a business the principal purpose of which is the collection of debts.

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692e**

27. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A); and,

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

29. Defendant violated §§ 1692e, e(2)(A), and e(10) through its deceptive representations that Plaintiff's maintenance of monthly payments would result in the subject debt being resolved. In order to induce Plaintiff's payments, Defendant represented that such payments would resolve the

debt. Plaintiff then agreed to the payments, and substantially complied with the parties' agreement. However, Defendant's subsequent refusal to honor the parties' original agreement underscores the deceptive and misleading nature of Defendant's representations.

30. Defendant further violated §§ 1692e, e(2)(A), and e(10) when it deceptively attempted to back out of the parties' original agreement. Defendant's justification was premised entirely upon pretextual and misleading representations that Plaintiff had failed to honor the terms of the agreement.

31. Defendant similarly violated §§ 1692e, e(2)(A), and e(10) when it falsely suggested that Plaintiff was 45 days delinquent on his payment arrangement with Defendant. Despite Defendant's representations in this regard, Plaintiff was never 45 days late on his payment arrangements with Defendant. Defendant engaged in this deceptive and misleading conduct as part of its overarching deception designed to bilk Plaintiff out of further payment.

   b. **Violation of FDCPA § 1692f**

32. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated § 1692f by unfairly attempting to back out of the parties' original agreement under false pretenses. Defendant's conduct is designed to unfairly get consumers who have already agreed to make payments to pay more than the parties' originally agreed.

WHEREFORE, Plaintiff CHRISTOPHER J. HULBERT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 27, 2022                               Respectfully Submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
alejandrof@sulaimanlaw.com